## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**MICHAEL DUANE SORRELL**
**Reg. #41849-039**                                                                 **PETITIONER**

**V.**                              **No. 2:21-CV-00167-BSM-ERE**

**DEWAYNE HENDRIX,**
**Warden, FCI Forrest City Low**                                      **RESPONDENT**

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

## I.      SUMMARY

Pending before the Court is Michael Sorrell's motion for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Sorrell is a federal prisoner incarcerated in Forrest City, Arkansas. Mr. Sorrell challenges the validity of his sentence but fails to show that a remedy under 28 U.S.C. § 2255 is inadequate or ineffective. The Court therefore recommends that the motion be denied for lack of jurisdiction.

1

## II.    BACKGROUND

On February 14, 2008, in the Eastern District of Michigan, Mr. Sorrell pled guilty to conspiracy with intent to distribute and distributing more than 50 grams or more of crack cocaine. *United States v. Sorrell*, No. 1:07-CR-20365-TLL (E.D. Mich.), *Doc. 17*. He was sentenced to 262 months in prison. *Id. at Doc. 19*.[1] On appeal, Mr. Sorrell challenged the procedural reasonableness of his sentence, and the Sixth Circuit affirmed. *United States v. Sorrell*, 365 F. App'x 672, 673 (6th Cir. 2010).

On December 15, 2021, Mr. Sorrell filed this § 2241 motion asserting that: (1) he should not have been sentenced as a career offender because he is actually innocent of that sentencing enhancement; and (2) the 21 U.S.C. § 851 enhancement resulted in "a miscarriage of justice."[2] He requests that his sentence be vacated and that he be sentenced without either the career offender or § 851 enhancements. Alternatively, he requests an evidentiary hearing. *Docs. 1, 2*.

## III.    DISCUSSION

District courts are required to conduct an initial review in § 2241 cases to determine "if it plainly appears from the petition and any attached exhibits that the

---

[1] On August 30, 2019, the sentencing court reduced Mr. Sorrell's sentence to 238 months, based on the First Step Act. *United States v. Sorrell*, No. 1:07-CR-20365-TLL (E.D. Mich.), *Doc. 33*.

[2] Because the Court lacks jurisdiction, it makes no findings on the merits of Petitioner's claims.

petitioner is not entitled to relief." See Rules 1, 4 Rules Governing § 2254 Cases in the United States District Courts. In conducting this review, the court has a duty to decide whether it has subject matter jurisdiction to entertain the motion. See *Northport Health Servs. v. Rutherford*, 605 F.3d 483, 490 (8th Cir. 2010) (holding that "federal courts are obligated to consider lack of subject matter jurisdiction *sua sponte*"), and "may take judicial notice of judicial opinions and public records." *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)).

Generally, any challenge to the lawfulness of a federal conviction and sentence must be made in the sentencing court through a 28 U.S.C. § 2255 motion to vacate, set aside, or correct. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010); see also 28 U.S.C. § 2255(a) (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence). Because a § 2255 motion attacks the validity of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court which convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983).

A limited exception to this rule is found in the "savings clause" of § 2255(e), which permits a federal court in the district of incarceration to entertain a § 2241 habeas motion challenging the validity of a conviction or sentence *only if* "it also

appears that the remedy by [§ 2255] motion [to the sentencing court] is inadequate or ineffective to test the legality of his detention." See *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002) (describing the exception as a "narrowly-circumscribed 'safety valve'"). A petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Lopez-Lopez*, 590 F.3d at 907.

The Eighth Circuit has held "that § 2255 is not inadequate or ineffective where a petitioner had any opportunity to present his claim beforehand" and failed to do so. *Abdullah v. Hedrick*, 392 F.3d 957, 963 (8th Cir. 2004) (citing *See Hill v. Morrison,* 349 F.3d 1089, 1092 (8th Cir. 2003) (holding that § 2255 is not inadequate or ineffective where the petitioner had "at least two opportunities to raise [his] argument before the sentencing court"). Mr. Sorrell does not allege that he lacked opportunity to challenge his career offender status or the sentencing enhancements in the sentencing court. He appealed his sentence but failed to raise these issues on direct appeal.

Mr. Sorrell never filed a § 2255 post-conviction motion in the sentencing court. Because the Sixth Circuit rejected his direct appeal in 2010, the one-year period for doing so has likely run. A time bar "does not automatically render § 2255 inadequate or ineffective[,]" and Mr. Sorrell has not established that is the case here. *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000). "The one-year period

provided him with a reasonable opportunity to file for relief; and if that time period has expired, it is the result of his own doing and not due to any inadequacy in the statute." *Id.* at 1078 (quoting *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999)).

Mr. Sorrell uses the phrase "actual innocence" and cites cases referring to actual innocence. Mr. Sorrell (who pled guilty) is not claiming he is innocent of the underlying offense, but, rather, that he should not have been sentenced as a career offender. "[A] claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241." *Turner v. Fisher*, No. CIV. 12-2035 JNE/SER, 2012 WL 5279210, at *2 (D. Minn. Sept. 27, 2012), report and recommendation adopted, No. CIV. 12-2035 JNE/SER, 2012 WL 5279221 (D. Minn. Oct. 25, 2012).

Finally, to the extent that Mr. Sorrell claims that he is "actually innocent" of the underlying offense, he could have made that claim in a timely filed § 2255 motion. Thus, raising the claim now will not trigger the safety valve and allow Mr. Sorrell to proceed under § 2241. *Lurie*, 207 F.3d 1077-78 ("Neither has Lurie actually demonstrated that a § 2255 motion is inadequate or ineffective. All of the claims asserted here, including Lurie's claim of actual innocence, could have been maintained in a timely § 2255 motion or on direct appeal."); *Abdullah*, 392 F.3d at 959-64 (rejecting petitioner's claim that his "actual innocence" entitled him to the

benefit of the savings clause where petitioner had unobstructed procedural opportunity to raise the claim).

### IV.    Conclusion

Mr. Sorrell's § 2241 habeas motion directly challenges the validity of his conviction and sentence in the United States District Court for the Eastern District of Michigan. Because § 2255(e)'s saving's clause does not apply, this Court lacks jurisdiction over his motion in this case.

IT IS THEREFORE RECOMMENDED that Petitioner Michael Sorrell's § 2241 motion for writ of habeas corpus (*Doc. 1*) be DISMISSED WITHOUT PREJUDICE.

Dated this 17th day of December, 2021.

_____
UNITED STATES MAGISTRATE JUDGE